1  DANIEL MALAKAUSKAS, *Cal. Bar. No. 265903*
   MALAKAUSKAS LAW, APC
2  7345 South Durango Drive
   Suite B-107-240
3  Las Vegas, NV 89113
4  Tel: 866-790-2242/Fax: 888-802-2440
   Email: daniel@malakauskas.com

Attorney for Plaintiff: *Cynthia Hopson*

MICHAEL WELCH, *Cal. Bar No.:111022*
MICHAEL WELCH & ASSOCIATES
770 L Street, Suite 950
Sacramento, CA 95814
Tel: 916-449-3930/Fac: 916-449-3930
Email: mdwelch@mail.com

Attorney for Defendants: *Penelope Webster, and, Ryan Webster*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| **CYNTHIA HOPSON**,<br><br>        Plaintiff,<br><br>  v.<br><br>**PENELOPE WEBSTER**, as an individual, doing business as "Webster's Country Burger Drive-In", and as trustee for the Penelope Webster Revocable Trust dated June 8th, 2016, **RYAN WEBSTER**, and **DOES** 1-50, Inclusive,<br><br>        Defendants. | **CASE NO.: 2:17-cv-2685-KJM-KJN**<br><br>**CONSENT ORDER**<br><br>**Judge: Kimberly J. Mueller**<br>**Courtroom: 3** |

### **CONSENT ORDER**

Plaintiff, CYNTHIA HOPSON (Hereafter, "Plaintiff"), filed this action to enforce provisions of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., against Defendants, PENELOPE WEBSTER, and RYAN WEBSTER (Hereafter, "Defendants"). Plaintiff has alleged that Defendants violated Title III of the ADA by the property they own and control having architectural barriers to access.

Defendants deny the allegations. By entering into this Consent Order to amicably resolve this lawsuit, Defendants are not making any admission as to Plaintiff's allegations.

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§1331 and 1345, and 42 U.S.C.§ 12188(b)(1)(B).

## CONTENTIONS OF THE PARTIES

Plaintiff filed a Complaint against Defendants on December 26th, 2017, under 42 U.S.C. §§12181 through 12189. (Doc. No. 1). The Complaint alleges that Defendants unlawfully denied Plaintiff the fair and equal enjoyment of "Webster's Country Burger Drive-In" by having the business inaccessible to individuals with mobility impairments.

Defendants own and operate the business "Webster's County Burger Drive-In" as well as the property on which the business is located at 18737 East Highway 88, Clements, CA 95227.

"Webster's County Burger Drive-In" is a public accommodation for purposes of 42 U.S.C. §12183(a), as defined by the ADA in 42 U.S.C. §12181(7), and in the implementing regulations under 28 C.F.R. 36.104. Specifically, Plaintiff alleges that:

a. The unauthorized parking signage in not compliant with 2013 CBC 11B-502.8 and 2016 CBC 11B-502.8.;

b. The alleged accessible parking spaces' and access aisles' slope exceeds two percent (2%), in violation of 1991 ADAAG 4.6.3; 2010 ADAS 502.4 Exception; 2013 CBC 11B-502.4 Exception;

c. The alleged accessible parking space surface identification markings fail to comply with 2013 CBC 11B-502.6.4.1, and, 2016 CBC 11B-502.6.4.1;

d. The alleged accessible parking space's access aisle's identification markings fail to comply with 2010 ADAS 502.3.3, 2013 CBC 11B-502.3.3 and 2016 CBC 11B-502.3.3;

e. There is no accessible restroom in violation of 1991 ADAAG 4.1.3(10), 2010 ADAS 213, 2013 CBC 11B-213 and 2016 CBC 11B-213;

f. There is no turning space provided within the restroom in violation of 1991 ADAAG 4.22.3, 2010 ADAS 603.2, 2013 CBB 11B-603.2, and, 2016 CBC 11B- 603.2;

g. The hot water pipes under the lavatory sink in the women's restroom failed to be insulated in violation of ADAAG 4.19.4.

Defendants deny that they have violated Title III of the ADA as alleged in the Complaint referenced above.

In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties agree to entry of this Order to resolve all allegations raised in the Complaint. The parties agree to settlement of these matters without further litigation and that the entry of this Order is the most appropriate means of resolving these matters. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law.

This Order shall be a full and complete, and final disposition and settlement of all of Plaintiff's claims that have arisen out of the Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and this Consent Order should not be construed as such.

**INJUNCTIVE RELIEF**

Defendants agree to ensure that the architectural barriers as alleged in the Contentions of the Parties above, are removed, to the extent that such architectural barriers have not already been removed, according to the requirements of the current California Building Code, and, or, American with Disabilities Act Accessibility Guidelines within twelve (12) months.

**MONETARY RELIEF**

The Parties agree that Defendants shall pay Plaintiff, Cynthia Hopson, the sum total of eight-thousand dollars ($8,000 USD). This amount shall be paid in two installments. The first installment of four-thousand dollars ($4,000.00 USD) shall be paid by May 30th, 2019. The second installment of four-thousand dollars (4,000.00 USD) shall be paid by June 30th, 2019.

Defendants shall make shall send the payment to: 7345 South Durango Drive, Suite B-107-240, Las Vegas, NV 89113. The payments shall be made by check payable to: "CALIFORNIA IOLTA TRUST ACCOUNTS, MALAKAUSKAS LAW, A PROFESSIONAL CORPORATION".

The payment of eight-thousand dollars ($8,000.00 USD) shall be for Plaintiff's damages, attorney fees, expenses, and costs up to the date of this Order. Nothing in this Order shall prevent Plaintiff's Attorney from recovering additional costs if necessary, to enforce the terms of such Order. Furthermore, the Parties agree Plaintiff is entitled to any fees, expenses, and costs to enforce this Order.

## COMPLIANCE MONITORING

After One-Hundred and Eighty Days (180) of the date of entry of this Order, and before such case is dismissed with prejudice, Plaintiff may provide written notice to Defendants that Plaintiff desires to inspect the property for progress of remediations and ensure that the alleged architectural barriers have been removed.

## DURATION OF ORDER

Unless otherwise extended, this Order shall remain in effect for thirteen (13) months after its entry. The Court shall retain jurisdiction for the duration of this Order to enforce the terms of this Order, after which time the case shall be dismissed with prejudice.

Dated: May 7th, 2019          /s/Daniel Malakauskas

| | | |
|---|---|---|
| | | By: Daniel Malakauskas, of, MALAKAUSKAS LAW, APC, Attorney for Plaintiff |

Dated: April 30th, 2019         /s/Cynthia Hopson (Original Maintained by Malakauskas)
                                Cynthia Hopson, Plaintiff

Dated: May 2nd, 2019            /s/Michael Welch (as authorized on May 13th, 2019)
                                Michael Welch, of, LAW OFFICES OF MICHAEL
                                WELCH, Attorney for Defendants

Dated: May 3rd, 2019            /s/Penelope Webster (Original Maintained by Welch)
                                PENELOPE WEBSTER

Dated: May 3rd, 2019            /s/Ryan Webster (Original Maintained by Welch)
                                RYAN WEBSTER

**ORDER**

Pursuant to the Stipulation and Good Cause Shown, **IT IS SO ORDERED.**

DATED:  May 24, 2019.

_____
UNITED STATES DISTRICT JUDGE